**Mathew T. LAVALLEE, Plaintiff,**

v.

**Michael ASTRUE, Commissioner of Social Security, Defendant.**

**Civil No. 3:09–CV–1996 (VLB).**

United States District Court,
D. Connecticut.

Jan. 6, 2011.

Howard B. Schiller, Willimantic, CT, for Plaintiff.

Brenda M. Green, U.S. Attorney's Office–BPT, Bridgeport, CT, for Defendant.

## MAGISTRATE JUDGE'S OPINION

THOMAS P. SMITH, United States Magistrate Judge.

This is an action under 42 U.S.C. § 405(g) to review an administrative denial of Social Security benefits under Title II and Title XVI. The defendant's motion to affirm the Commissioner's decision denying benefits (Dkt. # 22) should be **DENIED.** The plaintiff's cross-motion to vacate and for a remand (Dkt. # 18) should be **GRANTED,** and the matter should be remanded to the Commissioner for a new hearing. The new hearing should be held before a different ALJ.

Plaintiff has so many serious impairments and maladies that it seems strange for one *not* to think of him as "disabled" if the word "disability" is given its common, everyday usage. But, as the Commissioner correctly points out, the issue in this case is "disability" *vel non in the statutory sense,* an issue about which the Commissioner has special expertise and deserves appropriate deference. The ALJ found that plaintiff has a number of severe impairments including, *inter alia:* alcoholism; left knee medial meniscal tearing; an impaired right ankle injury that required repair with a metal plate and screws; degenerative disk disease of the cervical spine; a seizure disorder; a left shoulder deformity which causes one shoulder to be four inches lower than the other; and severe arthritis. Although the ALJ found

that plaintiff also suffered from cirrhosis of the liver, hepatitis C and chronic obstructive pulmonary disease ("COPD"), he concluded that, in plaintiff's case, these were not "severe" impairments. Ultimately, the ALJ concluded that, despite his severe impairments, plaintiff was not disabled in the statutory sense.

Plaintiff's counsel sets forth in his brief and reply memorandum a panoply of deficiencies that undermine the ALJ's decision. Most of these are indeed fairly arguable, if not meritorious. Importantly, the relief plaintiff seeks is modest. He merely seeks a remand for a new hearing, not entry of a judgment in his favor. Substantially for the reasons set forth in plaintiff's memoranda, his motion should be granted. This is not a close call.

The magistrate declines to address each and every argument plaintiff makes. The court would be remiss if it did not note that the ALJ seems to have placed great weight—perhaps excessive weight—on plaintiff's alcohol abuse in the distant past and his continued cigarette smoking as reasons for discounting his credibility, as well as that of his treating sources as to the severity of his limitations. Alcoholism is not a character defect, nor is it a persuasive indicium of incredibility. For many poor people, like the plaintiff, who is homeless and afflicted with multiple severe and painful impairments, alcohol is the only available analgesic that is cheap and easily accessible. This is not good, but it is sometimes the only way the down-and-out can cope.

The plaintiff's use of alcohol—sometimes as much as two entire six-packs of beer per week (Tr. 25)—is arguably a result, rather than the cause, of his multiple impairments. To suggest that alcohol abuse is the reason for plaintiff's well-documented unsteady gait, which has been noted by various physicians, health care providers,

and even Social Security personnel, seems neither accurate nor fair in this case. Similarly, to discount the severity of plaintiff's COPD due to his own failure to heed his physicians' advice to stop smoking is unsound in the circumstances. In short, the ALJ's conclusion that plaintiff's cirrhosis, hepatitis C, and COPD are not "severe" impairments is not supported by substantial evidence.

Without rejecting the many arguments set forth in plaintiff's initial and reply memoranda, the magistrate finds that it is unnecessary to address each one. Instead, the magistrate finds that reversal and remand of this case for a new hearing is warranted on the basis of two precepts that seem not to have been followed in this case.

First, it does not appear that the ALJ considered the cumulative effect of all of the plaintiff's impairments. The magistrate has already addressed the erroneousness of the ALJ's failure to find that plaintiff's cirrhosis, hepatitis C, and COPD were "severe impairments." The ALJ should have considered these three impairments along with the cumulative effects of the plaintiff's impairments that the ALJ did find severe. The law is clear that disability is determined by the combined effect of all impairments upon a claimant's ability to engage in substantial gainful employment. A combination of maladies may easily be disabling, even though each component may not cross the threshold if considered in isolation. If plaintiff is found disabled on remand, then it will be appropriate to consider whether alcoholism is a contributing factor. 20 C.F.R. § 416.935(b)(2008). The evidence of record indicates that alcoholism is not such a factor. A finding to the contrary is not supported by substantial evidence.

Second, the Commissioner points to evidence supplied by consulting physicians

Connolly, Layne, Blumenfeld, and Fuchs at various points between March 2007 and March 2008 as supplying "substantial evidence" to support the ALJ's decision. However, the record fails to establish that any of these physicians considered plaintiff's cervical disk disease, skeletal hyperostosis, or spondylolysis in arriving at their respective conclusions. Indeed, plaintiff's spondylolysis was first documented in January 2009. Though the Commissioner argues that medical assessments adduced subsequent to Dr. Connolly's evaluation took updated medical evidence into account, this is not clear from the record. The pages cited by the Commissioner to support his argument (Tr. 418–423; 425–428) all predate the January 2009 CT scan, which is the first clinical documentation of plaintiff's spondylolysis, and thus do not support the Commissioner's argument. The reports also predated plaintiff's cervical MRI. The new hearing must take into account the cumulative effect of all this evidence. Perhaps this new evidence would have been enough to tip the scales in plaintiff's favor had it been reviewed by all the consulting experts and discussed at the hearing before the ALJ arrived at his decision.

The plaintiff is a hunchbacked ex-steel worker with serious impairments of his cervical spine (447; 450–453); thoracic scoliosis with an improperly mended fractured collar bone; chronic arthritis of the back and spine (366–415; 541–560); a fractured ankle held together with a metal plate and screws (274–293); a torn left meniscus with osteo lesions and painful swelling; an "unsteady gait" which is "quite abnormal . . ." (Tr. 320–321, 333); mental deterioration, most likely due to metabolic disease from years of past alcohol abuse (Tr. 430); and a seizure disorder (Tr. 371, 565, 481, 331) with tremors (Tr. 529–530) that may or may not be controlled by a combination of dilantin and abstinence. Substantial ev-

idence does not support the ALJ's determination that dilantin and abstinence control plaintiff's seizures, as he had been on dilantin only briefly when the ALJ made this medical determination. Substantial evidence does not support the ALJ's intimation that plaintiff's unsteady gate is due to drunkenness. The ALJ's discounting of the credibility of plaintiff's subjective complaints of pain, as well as the severity of his limitations because he did not continue to take his prescription medicine and failed to make "follow up" appointments, is unfair considering that plaintiff, for much of the time in question, was both impoverished and homeless. Poor and homeless people usually lack medical insurance and the money to buy medicine.

The foregoing is a brief articulation of *some* of the deficiencies in the administrative decision. There are others, as plaintiff's lawyer points out in his able brief, including the lack of analysis of the vocational expert's evidence and its departure from the Dictionary of Occupational Titles, as well as the ALJ's discounting of plaintiff's treating APRN (Scott Credit). As a result, the plaintiff did not get a fair administrative hearing. The relief he seeks here is quite modest. The administrative decision should be vacated and the case should be remanded for a new hearing. At that hearing, the Commissioner will make detailed, particularized findings at step three in the sequential evaluation process. 28 U.S.C. § 636(b)(1)(b).